ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
Email: swanise@gtlaw.com

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN S. CUYLER, | CASE NO. 2:20-CV-01737-RFB-BNW |
| Plaintiff, | |
| vs. | **STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES** |
| C. R. BARD INC., a Foreign Corporation; BARD PERIPHERAL VASCULAR INC., an Arizona Corporation; MCKESSON CORPORATION, a Corporation,; and DOES 1 through 100, inclusive | **(SECOND REQUEST)** |
| Defendants. | |

Plaintiff Carolyn S. Cuyler ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiff, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-2, respectfully request that this Court temporarily stay discovery and all pretrial deadlines until April 12, 2021 while the Parties finalize settlement documents.  In support thereof, the Parties state as follows:

1.     This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

2.     Plaintiff alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. She has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn,

negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), and an unfair and deceptive trade practices count.

3.     Defendants deny the allegations contained in the Complaint.

4.     After four years, the completion of general issue discovery, and the conduct of three bellwether trials, Judge Campbell ordered that cases, which have not settled or are not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial.  As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5.     This case was transferred to this Court on August 10, 2020 because at the time it was not close to settling. But, since that date, the Parties have engaged in further settlement discussions and have reached a settlement in principle.  The Parties believe that a stay is necessary to conserve their resources and attention so that they may finalize settlement documents.

6.     Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until April 12, 2021 to allow the Parties time to finalize settlement documents.  This will prevent unnecessary expenditures of the Parties and conserve judicial resources.

7.     A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord, Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89 (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also, Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

8.     Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *Britton*, 523 U.S. at 598.  Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also, Wichita*

1  *Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial

2  judge's decision to curtail discovery is granted great deference," and noting that the discovery had

3  been pushed back a number of times because of pending settlement negotiations).

4        9.    Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a

5  stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev.

6  July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and

7  permit them to mediate global settlement. The Court granted the stay, finding the parties would be

8  prejudiced if required to move forward with discovery at that time and a stay would potentially

9  prevent an unnecessary complication in the case. *Id.* at *3. Here, the Parties have reached a

10  settlement in principle.

11        10.    The Parties agree that the relief sought herein is necessary to handle the case in the

12  most economical fashion yet allow sufficient time to schedule and complete discovery if necessary,

13  consistent with the scheduling obligations of counsel. The relief sought in this Stipulation is not

14  being requested for delay, but so that justice may be done.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

*ACTIVE 55206935v3*

**WHEREFORE**, Plaintiff and Defendants respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until April 12, 2021 to allow the Parties to finalize settlement documents.

**IT IS SO STIPULATED.**

DATED this 9th day of February 2021.

**FEARS NACHAWATI, PLLC**

*/s/ Steven Schulte*
Steven Schulte
(*Admitted PHV*)
Texas Bar No. 24051306
Email: schulte@fnlawfirm.com
5473 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

*Counsel for Plaintiff*

**GREENBERG TRAURIG, LLC**

*/s/ Eric W. Swanis*
Eric W. Swanis
Nevada Bar No. 6840
Email: swanise@gtlaw.com
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773

*Counsel for Defendants*

ORDER

IT IS ORDERED that the parties' stipulation is GRANTED. IT IS FURTHER ORDERED that by April 12, 2021, the parties must file either dismissal documents or a joint status report about the status of settlement

**IT IS SO ORDERED**

**DATED:** 12:47 pm, February 16, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

*ACTIVE 55206935v3*